EDWIN F. BRAILEY ET AL., APPELLEES, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED NOVEMBER 10, 1920. No. 21150.

Trial: INSTRUCTIONS. Instructions are to be considered together, to the end that they may be properly understood, and when so construed, if as a whole they fairly state the law applicable to the evidence, error cannot be predicated upon the giving of the same.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*John L. Webster* and *William M. Burton,* for appellant.

*Jefferis & Tunison* and *A. P. Lillis, contra.*

LETTON, J.

The judgment appealed from in this case grew out of the same accident that is involved in the case of *Dorrance v. Omaha & C. B. Street R. Co., ante* p. 196. That action was

for damages for personal injuries to Dorrance, who was then driving the hearse, while this is by the partnership which owned the hearse, for damages to the vehicle.

Complaint is made of the refusal of the court to direct a verdict for the defendant. The testimony in the case was sufficient to require the submission of the evidence to the jury. This instruction was properly refused.

The next complaint is that the court erred in a general instruction that, if the jury found that the automobile was injured as a result of the collision, and that negligence on the part of the defendant was the proximate cause of the collision, then the verdict should be for the plaintiff. It is objected to this instruction that it is a positive direction to the jury to find for the plaintiffs if the elements named therein existed, irrespective of whether the plaintiff was guilty of contributory negligence. Standing alone, the instruction is subject to this criticism, but the jury were further instructed that it was the plaintiff's duty "to exercise that degree of care which a person of ordinary prudence would have exercised under like circumstances to prevent a collision between the automobile he was driving and one of defendant company's cars;" and, further, that if he or the motorman "omitted to exercise such care as an ordinarily prudent person would have exercised, taking into consideration the surroundings, then such one would be guilty of negligence." They were fully instructed with respect to the rule of comparative negligence. We are satisfied that the jury did not misinterpret the instructions.

Like complaints are made in this case as in the *Dorrance* case with respect to the instruction relating to a violation of the statute or ordinance. These contentions were overruled in that case. We find no reversible error.

AFFIRMED.