GEORGE CORNFORTH, APPELLEE, V. GRAHAM ICE CREAM COMPANY, APPELLANT.

FILED DECEMBER 30, 1922. No. 22156.

1. **Trial: INSTRUCTIONS.** Instructions given to the jury by the court must be considered as a whole, and the mere fact that a separate paragraph of the instructions (which states the elements necessary to allow plaintiff to recover) does not inform the jury that the defense of the contributory negligence of plaintiff was made by the defendant, nor state the law governing such defense, is not prejudicially erroneous, where the fact of such defense and the rules of law applicable thereto are stated in other paragraphs of the charge.

2. ———: ———. If the charge of the court as a whole contains no erroneous statements of law prejudicial to the rights of the defendant, and fairly presents the issues to the jury, a judgment will not be reversed merely because the order of arrangement of the different propositions of law might be improved upon.

3. ———: ———. Where a party is of the opinion that the instructions given by the court are not explicit enough upon certain points, other and fuller instructions should have been tendered by the complaining party.

4. **Damages.** Where a pedestrian was struck by an automobile truck in such a manner that two of his cervical vertebræ were broken and crushed, with the result that he became almost wholly paralyzed, was in a hospital for seven weeks, lying on his back for three weeks partly suspended in bed by a halter or harness, afterwards the upper part of his spine was encased in a plaster cast for about three weeks, and his right arm and right leg are still partially paralyzed, and will permanently remain weakened and disabled, a verdict of $8,500 will not be set aside on the ground that it is excessive, and the result of passion or prejudice on the part of the jury.

Cornforth v. Graham Ice Cream Co.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Jefferis, Tunison & Wilson, J. E. Von Dorn* and *James C. Kinsler,* for appellant.

*Smith, Schall & Howell* and *Howard & Sheehan,* contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and ALDRICH, JJ., REDICK, District Judge.

LETTON, J.

On the morning of April 23, 1920, about 6:30 o'clock, plaintiff was in the act of crossing Farnam street at the intersection of Twentieth street, in the city of Omaha, and was proceeding in a direct line north from the southeast corner of Twentieth street. He had reached a point about 15 feet north of the south curb line on Farnam street, when he was struck by a six-ton automobile delivery truck, used in the service of the defendant by one of its employees. Plaintiff alleges that the employee in charge of the truck was at that time operating it in a negligent and unlawful manner; that it was being driven at an excessive rate of speed; and that no warning was given plaintiff of its approach. Defendant denies any negligence on its part, and alleges that the plaintiff himself was guilty of contributory negligence. Plaintiff recovered judgment for $8,500. Defendant appeals.

It is complained that the evidence is not sufficient to sustain a verdict in favor of plaintiff; that the court erred in giving certain instructions and refusing others; that there was misconduct on the part of the jury; and that the damages awarded were excessive. The latter two assignments are not supported by the proofs.

The evidence on behalf of plaintiff shows that he was at that time about 45 years of age; that, when he was about to cross Farnam street on the morning mentioned, he looked toward the west and saw some automobiles and the truck about three-fourths of a block, or a block, away.

Believing that he could safely cross before the truck reached him, he started across the street, walking at an ordinary rate of speed. When he was about two-thirds of the distance to the south rail of the street car track, he heard the rumbling of the truck as it crossed the street car track on Twentieth street going eastward. He looked up, saw the truck close by, and also heard a horn. He tried to hasten, but was knocked down by the truck, and when he realized where he was, he found himself lying under it. He was paralyzed to a large extent when removed. After the accident he was taken to the hospital and remained there about seven weeks. For three years before the accident he had earned on an average about $100 a month, but he has not been able to work since. He had formerly worked as a barkeeper, but had been working as a cement worker and landscape gardener for several years.

At the hospital an X-ray picture was taken, and it was found that his third and fourth cervical vertebræ were broken and partly crushed, and that blood had oozed into the spinal canal. He was placed under traction of the spine, by means of a halter on his neck, for about three weeks, and afterwards the upper portion of the spine was placed in a plaster cast for about the same length of time. There has been a gradual improvement from the paralysis, but there still is partial paralysis of the right arm and right leg, and it is undisputed that he will continue to be partially paralyzed. His expectancy of life is 24.46 years. He is at present able to do light work of some kinds, but is not strong and vigorous.

The evidence given for the defendant by the driver of the truck was substantially to the effect that, as he reached the intersection, he saw the plaintiff start to walk north across Farnam street; that he proceeded far enough to clear the truck, when he turned and walked rapidly, or ran, to the south far enough to again clear the truck; that he then turned and came north again to about the center of the machine, then he turned his back to the

truck and seemed to sit down on the bumper, or guard, in front of the truck, the radiator striking his back. He then fell forward partly under the machine.

This testimony is to some extent corroborated. On the other hand, there is some inconsistency in the evidence on behalf of defendant which was doubtless in the minds of the jury when they elected to adopt plaintiff's version of the accident. There being sufficient evidence to justify a verdict for either of the parties, the court will not be justified in interfering with the verdict.

The fourth instruction given by the court is complained of. It is said that this instruction undertakes to set out fully and completely a state of facts and authorizes a verdict upon a finding regarding these facts, and that the court neglected to make any reference to the defense that the plaintiff was injured through his own negligence, and that the instruction withdrew from the consideration of the jury this defense. The case cited to sustain this proposition (*Standard Distilling & Distributing Co. v. Harris*, 75 Neb. 480) is not a parallel case. The action was based on negligence. The court said: "Negligence is the gist of plaintiff's action, and one of the principal issues presented by the pleadings, but the instruction in question wholly ignores that issue." This was clearly erroneous. There was no question of contributory negligence involved. Plaintiff would be entitled to complain in this case if the issue of contributory negligence on plaintiff's part were wholly ignored, but this is not the case.

It is also said that the court, in giving the fourth instruction, that if certain elements were established by the evidence they should find for the plaintiff, erred, because it did not in the same paragraph qualify it by stating the rule as to the duty of the plaintiff in crossing the street, did not define contributory negligence, state the rule as to comparative negligence, and inform the jury that negligence on the part of plaintiff was at least a partial defense. Instruction No. 4 was a general instruction

treating alone of the liability of defendant for negligence in the operation of its automobile, but instruction No. 5 told the jury that the rights and duties of both parties to the use of the street were reciprocal, and that the law imposed upon both the duty of observing ordinary and reasonable care to avoid accidents, and that the particular care or precaution that meets the legal standard of ordinary care depends upon the degree of apparent or probable danger, and is what a person of ordinary prudence would do in the particular situation and circumstances.

Instruction No. 7 told the jury that a pedestrian is bound to know that an automobile cannot be suddenly stopped, and that he must so conduct himself as not to unnecessarily get himself into a place of danger, and that it would be negligence for a pedestrian to walk out into and across a thoroughfare without looking and using care to determine whether it is safe for him to do so. In instruction No. 10 negligence was defined, and the jury were told that "By contributory negligence is meant any negligence of plaintiff directly contributing to the accident." Ordinary care was also defined. Instruction No. 12 stated the rule as to comparative negligence substantially in the language of the statute. It is evident that the defense of contributory negligence and the rule as to comparative negligence were both properly stated to the jury.

It is said that the case of *Bauer & Johnson Co. v. National Roofing Co.*, 107 Neb. 831, is controlling of this and necessitates a reversal. There is not such similarity between the facts and instructions in that case and in this case as to require this. In *Brailey v. Omaha & C. B. Street R. Co.*, 105 Neb. 201, which was an automobile collision case, the instructions were much the same as in this case. It was said in that case that instruction No. 4, standing alone, would possess the vice attributed to it by defendant. It would have been better to qualify it by the further statement "subject, however, to the defense of contributory negligence, which is hereinafter ex-

plained," or other language conveying the same idea, but to omit this is not reversible error.

It is impossible to state all the propositions of law in such a case as this in a single instruction, and it is easy to detach each paragraph from its context and from the charge as a whole, and insist that it omits some necessary element. If the charge as a whole contains no erroneous statements of law prejudicial to the rights of the defendant and fairly presents the issues to the jury, a judgment will not be reversed because the order of arrangement of the different propositions of law might be improved upon. Also, if other and more explicit instructions were desired upon points which it is said were not made clear enough by the charge of the court, they should have been tendered.

The most vital question in this case is, who was to blame for the accident, and in what degree, if both the driver and the plaintiff were at fault. Considering the amount of the verdict, the very serious and permanent character of the injuries sustained, it seems apparent that the jury must have given effect to the instruction of the court as to contributory negligence on the part of plaintiff, and reduced the recovery to some extent on that account.

As intimated, a few slight changes in the charge would improve it, but, taken as it is, it is not erroneous.

Affirmed.