SAMUEL GIBSON, APPELLEE, V. JAMES B. KELKENNY, APPELLANT.

FILED JULY 31, 1924. No. 22841.

Negligence: INSTRUCTION. In an action to recover damages for personal injuries, where each party charges the other with negligence and supports the allegation by proof, it is error, under the statute on comparative negligence, to instruct the jury, in effect, that a recovery by plaintiff is not barred unless his contributory negligence was gross in comparison with that of defendant, slight negligence of plaintiff being the legal test for the purpose of comparison. Comp. St. 1922, sec. 8834.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Montgomery, Hall & Young* and *H. M. Johnsen,* for appellant.

*John W. Cooper, contra.*

Heard before LETTON, ROSE, DEAN, DAY and GOOD, JJ., BLACKLEDGE and REDICK, District Judges.

Rose, J.

This is an action to recover $25,000 in damages for negligence resulting in personal injuries to plaintiff. In Omaha defendant owns and manages the Plaza Hotel. It is equipped with an automatic passenger elevator accessible from the different floors. By means of a push-button on the outside of the elevator shaft on each floor the car is automatically moved to the proper entrance. This operation unlocks the closed shaft door. On the inside the passenger starts the car by pressing another push-button indicating the floor at which he wishes to stop. Plaintiff entered the lobby of the hotel and went to the elevator shaft on the main floor, intending to visit his daughter, a guest of the hotel on a floor above. He claims to have read on a card by the door to the elevator shaft a direction to the effect that the door would not open unless the car was at the floor level. He alleged the door was not entirely closed, and that he pulled it wide open and stepped in. The car at the time was at the top of the shaft and plaintiff fell into the pit, receiving the injuries of which he complains. He charged defendant with negligence in failing to maintain the operating devices in a condition to prevent the shaft door on the main floor from standing open when the car was not there; in creating an unguarded, dangerous pitfall; in concealing the absence of the car by dark and dingy surroundings.

In the answer the defendant denied the negligence imputed to him and alleged that the operating devices, after a proper inspection duly made, were in perfect repair and in working order; that plaintiff's injuries were the result of his own negligence in purposely manipulating the lock and in opening the door; in failing to observe that the car was not at the main floor entrance; in negligently stepping into the open shaft without any regard for his own safety.

Upon a trial of the issues the jury rendered a verdict in favor of the plaintiff for $2,500 and from a judgment thereon defendant appealed.

Defendant insists that the district court erred to his

prejudice in misdirecting the jury on the law of negligence. Each party charged the other with the negligence resulting in the plaintiff's injuries. Negligence of defendant and contributory negligence of plaintiff may be inferred from the evidence adduced. With the record in this condition the district court gave instructions containing the following language:

"Should you find that the plaintiff was guilty of contributory negligence and that said contributory negligence was gross as compared with the negligence, if any, of the defendant, then plaintiff will not be entitled to recover and in that event your verdict should be for the defendant."

"If the defendant, as proprietor of said hotel, was negligent in one or more of these particulars in respect to the elevator in question, occurring at the time the accident to the plaintiff occurred, the defendant would be liable therefor unless you further find from the evidence that plaintiff himself was negligent and that his negligence was gross as compared with that of the defendant, if any."

These instructions are at variance with the statute which declares:

"The fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison." Comp. St. 1922, sec. 8834.

Referring to this provision it was said in a recent opinion:

"The true rule is that, if plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith. If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of the defendant falls in any degree short of gross negligence under the circumstances,

then the contributory negligence of the plaintiff, however slight, will defeat a recovery." *Morrison v. Scotts Bluff County,* 104 Neb. 254.

The doctrine of the statute as thus understood has been consistently recognized. *Francis v. Lincoln Traction Co.,* 106 Neb. 243; *Bauer & Johnson Co. v. National Roofing Co.,* 107 Neb. 831; *Johnson v. City of Omaha,* 108 Neb. 481; *McMullen v. Nash Sales Co., ante,* p. 371.

The instructions quoted are erroneous for the reason they do not permit the barring of a recovery by plaintiff on account of contributory negligence, if any, unless it was gross in comparison with that of the defendant. It is when the contributory negligence of plaintiff is slight that a recovery by him is not barred. The legislature, not the courts, created degrees of negligence for the purpose of comparison. The instructions as a whole do not quote or recite the provisions of the statute or otherwise advise the jury that the court's expressions relating to negligence mean the statutory terms. It is clear from the instructions that plaintiff was permitted to recover damages on conditions not sanctioned by law and on terms not accorded to other litigants similarly situated. There does not seem to be any substantial ground for holding that the error was not prejudicial to defendant. The judgement is therefore reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Negligence, 29 Cyc. p. 657.