JOHN W. LARGE, APPELLEE, V. LEONARD JOHNSON, APPELLANT.

FILED MAY 12, 1933. No. 28549.

*Benjamin S. Baker* and *Edward Shafton,* for appellant.

*O'Sullivan & Southard, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

Plaintiff had judgment for damages for personal in-

juries alleged to be caused by negligence of defendant, who has appealed.

The negligence charged consisted in the failure of defendant, in hitching a team of horses to a disk, to use hold-back straps. Plaintiff had done farm work for about twenty years. He had been in the employ of defendant for about two and a half years on the farm where he was injured. About 10:30 in the forenoon of May 24, 1931, plaintiff and his wife, who were in the house, saw defendant hitching four horses abreast to a farm disk. Being Sunday it was unusual and they went out to investigate. This machine was equipped with a pole or tongue, a set of doubletrees for each pair of horses, a singletree for each of the four horses, and a neckyoke for the pole team. Defendant did all of the harnessing and most, if not all, of the hitching. Plaintiff testified that when he arrived at the scene defendant had the team "all yoked together in front and was ready to hitch the tugs up;" that the only function plaintiff performed was to hold the near outside horse while plaintiff's wife held the lines and defendant fastened the tugs. The harnesses were equipped with breeching and with hold-back straps. There was evidence that the latter were either absent or, at any rate, that defendant did not on this occasion hook or snap them to the neckyoke of the pole team. After the team was hitched to the disk, defendant drove them to the field where he was disking and made a round or two, after which plaintiff took charge and drove the team until about 2 o'clock, when he suspended the work for dinner and undertook to drive the team and disk to the house. This necessitated driving down a hill. He testified the employer had directed him never to drive them on the road with the disk in gear. He had pleaded that he was "obliged to throw said disk out of gear and to drive down a hill." While so doing, there is evidence that the collars were pushed forward on the horses' necks and the disk ran suddenly forward, striking the doubletrees against the horses and causing

them to become frightened and unmanageable. They ran away. The disk killed one of the horses and ran over plaintiff, severely injuring him. Plaintiff's testimony is to the effect that he had two sets of lines to handle and that he was then unable, in the circumstances, to throw the disk in gear to retard its movement, even if that would have been practicable, because there is one lever for each of the two sections of disks. Plaintiff's theory was that if the hold-back straps had been attached in hitching the pole team they would have had no trouble in holding back the machine on the hill. Defendant's theory is that plaintiff should have put the disk in gear before starting down the hill, and that plaintiff, in the use of ordinary care, at the time of the hitching of the team to the disk, and while he was holding the outside horse, would have seen that the hold-back straps were not attached and also would have discovered it while he was driving the horses in the period before the accident. These theories were set before the jury in the evidence and in the instructions. There was sufficient evidence to go to the jury and the several assignments of error based upon this point are not well taken. The general rule is: "An employee assumes only the risks arising from the appliances and materials to be used by him or from the manner in which the business in which he is to take part is conducted, when such risks are known to him or are apparent and obvious to persons of his experience and understanding." *New Omaha Thompson-Houston Electric Light Co. v. Dent,* 68 Neb. 674. See *Union Stock Yards Co. v. Goodwin,* 57 Neb. 138; *Dehning v. Detroit Bridge & Iron Works,* 46 Neb. 556. These cases further support the rule concisely stated in *Grimm v. Omaha Electric Light & Power Co.,* 79 Neb. 387: "A servant by his contract assumes the ordinary risks and dangers incident thereto, but does not assume the risk of dangers due to his master's negligence."

Appellant charges that the court committed error in an instruction stating that "defendant alleges that the

plaintiff was guilty of negligence contributing to cause the accident * * * the claim being that the plaintiff by the exercise of ordinary care could have put the disk in gear and thereby have prevented the accident, but that plaintiff negligently failed to do so." Defendant asserts that he did not plead contributory negligence. It is true that in his answer he did not use that term, but he did allege that whatever injury the plaintiff received was due and caused by the negligence and carelessness of plaintiff. The trial was conducted as if this was a plea of contributory negligence. We have recently held that, where there is no specific allegation of contributory negligence, the character of the plea will be determined by its effect; and if the parties by their introduction of evidence have assumed that such a defense was in issue, it is not reversible error for the court to instruct thereon. *Grover v. Aaron Ferer & Sons,* 122 Neb. 755. See, also, *Johnson v. Weskamp,* 122 Neb. 381; *Hensley v. Chicago, St. P., M. & O. R. Co.,* 118 Neb. 690.

Under the pleadings and evidence it was necessary for the court to instruct the jury on the subject of comparative negligence. To have failed so to do would have been erroneous. The form of the instruction is not criticized, but defendant hangs his objection to it on the argument that defendant did not plead nor raise the issue of contributory negligence.

It is argued that the instructions were misleading, contradictory and conflicting. We have carefully checked the instructions and have compared them with defendant's argument. We find in them the things which defendant misses and we fail to discover the errors which defendant sees. Taken as a whole we are of the opinion they correctly and clearly set forth the law of the case.

Defendant complains because the court refused his request to send the jury out to the place of the accident to observe "a test to be made of the movement of the disk on that hill." The court said: "I am inclined to think that the operation is of such a character and such

a nature that the evidence of tests made is sufficient for the jury to determine for themselves the facts." Evidence of tests had been submitted to the jury. Section 20-1108, Comp. St. 1929, authorized the court to order the jury to be conducted in a body to the place in which any material fact occurred whenever in the opinion of the court it is proper for the jury to have such a view. Granting or refusing an order directing a view by the jury of the place of an accident rests within the sound discretion of the trial court. This court will not reverse a judgment of the district court refusing such a view unless an abuse of discretion is shown. *Robison v. Troy Laundry*, 105 Neb. 267; *Whelan v. City of Plattsmouth*, 87 Neb. 824; *Beck v. Staats*, 80 Neb. 482. There was no abuse of discretion in the ruling of the trial court on this point.

Appellant complains of error in refusing an instruction requested by him as follows: "You are instructed that by failure to call a witness that is present and that is available and in a position to know the facts, and not called by the plaintiff, the presumption is that the evidence of such witness would be adverse to the plaintiff." He states that one witness referred to is Dr. Pulver who, the brief says, was called immediately after the accident and treated plaintiff for many months; and the other witness is said to be G. B. Ingram. The brief fails to indicate where in the bill of exceptions may be found the evidence relating to these parties, as required by the rules of this court. On this point the brief of appellee likewise fails to cite the bill of exceptions, but states that Dr. Pulver was hired by defendant to attend plaintiff after his injuries and was paid by defendant; that just after the accident occurred, Ingram was driving along the road with the witness Booker, who testified in detail on the trial; that there is no showing that either party was available as a witness; and that defendant had as good an opportunity as plaintiff to call them. In view of the above facts and also because the appellant does

not. question the nature and extent of plaintiff's injuries nor the size of the verdict, we do not consider the refusal of the requested instruction to be prejudicial error.

We have examined all errors assigned and find none of them prejudicial. For the reasons set forth, the judgment of the district court is

AFFIRMED.