HERMAN CASARI, APPELLANT, V. EARL WINCHESTER ET AL., APPELLEES.

FILED MARCH 16, 1934. No. 28770.

*Bartos, Bartos & Placek* and *H. G. Wellensiek,* for appellant.

*Cleary, Suhr & Davis, Prince & Prince* and *Sanden, Anderson & Gradwohl, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-LEDGE and RYAN, District Judges.

RYAN, District Judge.

Plaintiff brought this action against the defendants to recover damages for personal injuries and injury to prop-

erty suffered in an automobile accident. The petition of the plaintiff alleges in substance that on the 9th day of August, 1930, while he was driving his Hudson automobile westward on state highway No. 30, he was struck by a Ford automobile owned and operated by the defendant Earl Winchester; that the accident occurred about 11:45 p. m., at a point about three and one-half miles west of Gibbon, Nebraska, on said highway, and in the following manner: That as plaintiff reached the point of accident a truck owned by defendants Columbus Nielsen and Walter Peterson was left by their agents, servants and employees on the south side of said highway, with dimmed headlights and no tail lights; that the operator of said truck was, at the time of the accident, asleep; that the truck concealed a view of the road to the back of it and also to the front of it; that as plaintiff approached said truck his view of the road to the west was obstructed by said truck, and as he reached a point about opposite to said truck, Earl Winchester, one of the defendants in said action, who was traveling in an automobile eastward on said highway at a rate of speed of about 45 miles an hour, carelessly and negligently attempted to pass said truck as it was parked, at the same instant of time the plaintiff was with his automobile opposite said truck, and a collision occurred between the two automobiles; that the defendants Nielsen and Peterson were guilty of gross negligence in permitting their said truck to be left standing on the traveled side of the highway, with dimmed headlights and no tail lights burning, with the operator asleep, and no precaution taken to warn the traveling public using said highway of the danger caused by the truck being parked thereon.

There are other allegations of negligence as to the defendant Earl Winchester, but this defendant defaulted and judgment was rendered against him, and it is not necessary to lengthen this opinion by a further recitation of the elements of negligence alleged against him.

The answer of the defendants Columbus Nielsen and

Walter Peterson in substance admits that the defendant Earl Winchester was guilty of negligence, and alleges contributory negligence on the part of plaintiff, but denies any negligence on the part of the operator of their truck. It also alleges that the headlights and tail lights were in full function and burning at all times mentioned in the plaintiff's petition, and that in addition thereto the said truck was equipped with a large reflector on the rear end, in full and efficient function and use, and alleges that said truck was parked at the limit of the right and proper side of said highway; that it had been there stationary by reason of the fact that it became necessary for its driver to make engine repairs, at which task he was occupied as it stood stationary.

The jury returned a verdict finding that no cause of action existed against the defendants Nielsen and Peterson. The defendant Earl Winchester defaulted and a verdict was returned against him in the amount of $4,-864.20. The plaintiff appeals and assigns as error that the court erred in giving certain instructions on its own motion, and further that there was error in refusing to give certain instructions requested by the plaintiff.

Plaintiff assigns the giving of instructions Nos. 4, 11, 14, 16, 19, 20, 22, and 25 by the court on its own motion as error. Instruction No. 4 is merely the statement of issues as between the plaintiff and the defendants Nielsen and Peterson. In instruction No. 11 the jurors were told that the burden of proving the negligence, charged by the defendants against the plaintiff, was upon the defendants. Instruction No. 14 states the speed limit under the laws of the state of Nebraska for the operation of a motor vehicle outside of any city or village. By instruction No. 16 the jurors were advised of the law with reference to the lights required upon motor vehicles. Instruction No. 19 told the jurors that, in the event that the plaintiff was negligent and that the defendant Winchester was negligent, and that the negligence of the defendant Winchester and the negligence of the plaintiff were the exclusive

proximate causes of the plaintiff's injuries, then their verdict must be in favor of the defendants Nielsen and Peterson. By instruction No. 20 the jurors were told that, if they found from a preponderance of the evidence that the defendants Nielsen and Peterson were guilty of negligence and that such negligence was the proximate cause of plaintiff's injuries, then their verdict should be in favor of plaintiff. Instruction No. 22 defines proximate cause. By instruction No. 25 the jurors were told that "the mere parking of a motor vehicle along the south side of a traveled highway, by one traveling eastward, for the purpose of making necessary repairs, is not, in itself, negligence." These instructions appear to correctly state the law and we find nothing in them prejudicial to the rights of the plaintiff.

The matters contained in the instructions requested by the plaintiff were fully covered by the court and these instructions were properly refused.

Plaintiff also complains of instructions Nos. 8 and 21. Instruction No. 8 reads as follows: "You are instructed that to establish a cause of action based on the negligence of the defendants it is not sufficient for plaintiff to show that the defendants were negligent, but plaintiff must also show, by a preponderance of the evidence, that the negligence of the defendants, as pleaded and proved, was the proximate cause of the injuries complained of, and in this case, even though you find the defendants, Columbus Nielsen and Walter Peterson, doing business under the firm and style name of Nielsen & Peterson Company, and Nielsen & Peterson Company, were negligent, your verdict should be in favor of said defendants, unless you further find that such negligence on the part of said defendants was the proximate cause of the injuries complained of." Instruction No. 21 reads as follows: "You are instructed that if one suffers injuries as the proximate result of the negligence of two parties, acting independently of each other, and such injuries would not have occurred but for the negligence of each of such parties, it is no defense

for one of the parties to show that the other party was negligent; and in this case, if you find from a preponderance of the evidence that the defendants Columbus Nielsen and Walter Peterson, doing business under the firm and style name of Nielsen & Peterson Company, and Nielsen & Peterson Company, were negligent, and that the negligence of the defendant Earl Winchester, and the defendants Columbus Nielsen and Walter Peterson, doing business under the firm and style name of Nielsen & Peterson Company, and Nielsen & Peterson Company, was the exclusive proximate cause of plaintiff's injuries and that such injuries to plaintiff would not have occurred except for the negligence of the defendant, Earl Winchester, and the negligence of the defendants, Columbus Nielsen and Walter Peterson, doing business under the firm and style name of Nielsen & Peterson Company, and Nielsen & Peterson Company, and you further find that the plaintiff's negligence was not a proximate cause of his injuries, then your verdict should be in favor of the plaintiff."

Instruction No. 8 is incomplete, in that it fails to inform the jury that, in the event they found that both defendants were negligent and that the combined or concurrent negligence of both defendants was the proximate cause of the injury, then plaintiff had a right to recover also against the defendants Nielsen and Peterson. Still, taking it in connection with instruction No. 21, we do not see how the jury could have been misled by it. Instruction No. 21 appears to be a correct statement of the law. True, it would have been more exact if the court had used the plural instead of the singular in referring to the proximate cause, as was done in instruction. No. 19, for there may be more than one proximate cause of an injury.

This court has frequently laid down the rule that the instructions given to a jury must be considered together, and if, when considered as a whole, they properly state the law, it is sufficient. *Campbell v. Holland,* 22 Neb. 587;

*Lincoln Traction Co. v. Brookover*, 77 Neb. 221; *Brailey v. Omaha & C. B. Street R. Co.*, 105 Neb. 201.

The instructions are rather lengthy and perhaps could have been shortened considerably. We might also remark that they are made quite cumbersome and somewhat difficult to read because of the fact that the learned trial judge felt bound to use the full and technical name of the partnership existing between the defendants Nielsen and Peterson. The instructions would read much more smoothly, had he seen fit to refer to said defendants merely as the defendants Nielsen and Peterson. This could not have been in any way misleading, particularly if the court had stated in his opening instruction that for convenience these defendants would be so designated.

Applying the rule above stated, however, we see no cause for reversing this case on account of the instructions. It follows, therefore, that the judgment of the district court must be

AFFIRMED.