HARRY McGRATH, APPELLEE, V. GLADYS NUGENT, APPEL-
LANT.

274 N. W. 549

FILED JULY 16, 1937. No. 30023.

*Dressler & Neely,* for appellant.

*Edward J. Dugan* and *John A. McKenzie, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and
CARTER, JJ., and RINE, District Judge.

PAINE, J.

This is a suit for damages for personal injuries suffered
by the plaintiff as the result of an automobile accident
while he was riding as a guest in the defendant's car. The
jury returned a verdict for $2,000, upon which the court
entered a judgment. Motion for new trial was overruled,
and defendant appeals.

This suit grows out of the same accident as the case of
*Breen v. Nugent, ante,* p. 131, 274 N. W. 379; the plaintiff
in the case at bar was riding in the back seat as a guest
at the time of the accident. The full details of the trip and
the accident are all set out in the other opinion, and will
not be repeated here. The evidence in that case, which was
tried first in the district court, did not disclose that intoxi-
cating liquor was an element in the case.

The evidence in the case at bar disclosed at once that the
use of intoxicating liquor by some of the occupants of the
car was an important issue in the case.

Of the 7 instructions given to the jury by the trial judge,
the second and third instructions mentioned the use of
liquor, and of the 13 instructions offered by the defendant
and refused by the court, all except the first three pre-

sented the law on the various phases of the use of intoxicating liquor by the owner and guests of an automobile involved in an accident. Of the 18 errors relied upon for reversal of the judgment in the case at bar, the first 2 set out the refusal of the trial court to direct a verdict in favor of the defendant, and other 13 errors relate to instructions given on intoxicating liquors, as well as to those refused.

The evidence relating to use of intoxicating liquor disclosed that the owner of the automobile testified that she drank some of the liquor furnished by the plaintiff, and she said, "I felt my drinks," and asked another guest to drive her car on the return trip from Todd's lake. The accident occurred by the car being driven into the ditch some 18 miles from Omaha. She also testified that the plaintiff just before the accident acted peculiar, talked, laughed, and threw his hands around from the effects of the liquor. Some of the witnesses, who lived near the scene of the accident and ran over there immediately, testified that the odor of liquor about the upset car was very strong, and that some of the parties in the car staggered when they got out and tried to walk. The mother of the plaintiff testified, from seeing the plaintiff and defendant after they were brought to Omaha, "It has been a drinking party." This was amply supported by the testimony of several other witnesses.

Among the instructions offered by the defendant and refused by the court may be found these statements of law in reference to assumption of risk and contributory negligence:

"You are instructed that plaintiff admits that he purchased a quantity of whisky and drank some on the trip in question. I charge you that if you find that such whisky caused or contributed to the accident of which plaintiff complains plaintiff cannot recover."

"You are instructed that a person who voluntarily permits himself to be driven along a public highway in an automobile operated by a person who has been drinking intoxicating liquor and is in an intoxicated condition does

not exercise ordinary care for his own safety and he assumes the dangers incident to such driving when he voluntarily continues to ride in a car which is managed and controlled by an intoxicated or unfit driver."

"If you find from the evidence that the plaintiff drank intoxicating liquor while riding in the defendant's automobile and that the defendant and the woman driving the defendant's car at the time of the accident also drank intoxicating liquor furnished by the plaintiff, you are instructed that the plaintiff would be guilty of more than slight negligence as a matter of law and would not be entitled to recover any damages for whatever injuries he received in the automobile accident and it would be your duty to return a verdict in favor of the defendant."

Recent opinions, and the statement as given in Restatement of Law, appears to support these requested instructions. We will set out a few of such authorities.

In *Gudbrandsen v. Pelto*, 271 N. W. (Minn.) 465, it is said: "In action by guest against driver of truck for injuries received when truck struck automobile which was traveling in same direction when automobile attempted left turn into alley while truck driver's attention was momentarily distracted, question whether recovery by guest was barred because of guest's contributory negligence in riding with truck driver when he knew that truck driver had been drinking whisky over four-hour period *held* for jury."

In 4 Blashfield, Cyc. of Automobile Law and Practice, 246, sec. 2453, we find: "Where all the occupants of the vehicle engage in a drinking bout, while riding, and all become intoxicated, each participates in causing the intoxication of all of his companions, including the driver, and hence each occupant is as much responsible for the driving of the car by a drunken person as is the driver, and none can recover for injury caused by the negligent driving, where the statute makes it a misdemeanor for an intoxicated person to drive an automobile on a public highway."

In 2 Restatement, Torts, 1230, sec. 466, it is said: "e. Plaintiff entrusting his safety to incompetent person.

A common form of this type of contributory negligence dealt with in Clause (a) consists of the plaintiff's entrusting his safety to a third person whom he knows to be incompetent, customarily negligent or ill-equipped. Thus, if a plaintiff rides in an automobile knowing that the driver is drunk, ignorant of driving or habitually reckless or careless or that the machine has insufficient brakes or headlights, he can ordinarily not recover against the defendant through whose negligence an accident occurs, if the drunkenness, incompetence or carelessness of the driver or the bad condition of the vehicle is a contributing factor in bringing about the accident."

In *Franco v. Vakares*, 35 Ariz. 309, 277 Pac. 812, the very pertinent question is asked: "If it be contributory negligence to ride in an automobile with a driver knowing him to be intoxicated, what shall be said of him who furnishes the liquor and with the driver drinks it until both are drunk, or, if not drunk, at least are incapable of exercising the care of a reasonably prudent person?".

Additional authorities may be cited in support of the findings herein: *Koster v. Matson*, 139 Kan. 124, 30 Pac. (2d) 107; *Wayson v. Rainier Taxi Co.*, 136 Wash. 274, 239 Pac. 559, 45 A. L. R. 290; *Winston's Admr. v. City of Henderson*, 179 Ky. 220, 200 S. W. 330; *Kinnie v. Town of Morristown*, 184 App. Div. 408, 172 N. Y. Supp. 21; *Schwartz v. Johnson*, 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323; *French v. Tebben*, 53 Idaho, 701, 27 Pac. (2d) 475; and 5 American Jurisprudence, 774, sec. 483.

While it is well understood that a trial judge is not required to give all proffered instructions, yet he is required to adequately present to the jury in his instructions the law relating to the issues set out in the pleadings and supported by the evidence. It was stated in *Goldman v. State*, 128 Neb. 684, 260 N. W. 373, that it was error to refuse an offered instruction which is warranted by the evidence and correctly states the law of the case, unless the principles of law involved are covered by some other instructions.

Other errors charged were examined by the court, but

need not be discussed, as the failure of the trial court to adequately instruct the jury upon contributory negligence was reversible error, and the judgment is set aside and reversed, and new trial ordered.

REVERSED.