BEN W. TEMPERO, APPELLEE, V. LAVELLE E. ADAMS, APPELLANT.

44 N. W. 2d 604

Filed November 10, 1950.   No. 32809.

*Bernard Ptak,* for appellant.

*W. M. Beall, Frederick M. Deutsch,* and *Daniel D. Jewell,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Ben W. Tempero, plaintiff and

appellee, against LaVelle E. Adams, defendant and appellant, for damages to person and property growing out of a collision between an automobile owned and operated by plaintiff and a truck owned by the defendant and operated by an employee of his. The date of the occurrence was September 8, 1947. By his petition plaintiff claims that the collision came about by reason of the negligence of the employee of defendant who was operating the truck. The defendant by answer claims that the collision was caused and contributed to by the negligence of the plaintiff and by cross-petition claims that it was caused by the negligence of the plaintiff.

The cause was tried to a jury. A verdict was returned in favor of defendant on his cause of action the effect of which was also to find in favor of the defendant on plaintiff's cause of action. Judgment was entered on the verdict. Thereafter the plaintiff filed a motion for new trial. The motion contained a large number of assignments of error committed by the district court. The motion was sustained and a new trial was granted.

The case comes here on appeal by defendant from the order sustaining the motion and the granting of a new trial. The inquiry therefore here is as to whether or not the district court erred prejudicially to the plaintiff in one or more of the respects enumerated in the motion for new trial.

The facts necessary to be stated herein in order to give comprehensive consideration to the matters involved are: U. S. Highway 81 is a highway running north and south along the southwest part of the city of Columbus, Nebraska. At the location involved here the east half of the highway is within the corporate limits of the city of Columbus and the west half is without. Shortly before the collision occurred the defendant's truck was being operated in a southerly direction on the west side of the center line. The plaintiff going in the same direction was behind defendant's truck and was also driving west of the center line. Plaintiff com-

ing from behind and attempting to pass to the left of the truck passed entirely east of the center line and into that portion of the highway which was within the corporate limits of the city. The truck was turned to the left so that a part of the front end was to the east of the center line and inside the corporate limits of the city. After the truck had come into this position plaintiff's automobile came into collision with it entirely east of the center line. The collision took place entirely within the corporate limits of the city of Columbus.

By his pleadings the defendant charged that one of the causes of the collision was negligence of the plaintiff in driving at an unlawful rate of speed. The plaintiff admitted that at the time of the collision he was traveling at about 35 miles an hour. There was other evidence that he was traveling much in excess of that rate.

Thus it becomes apparent that plaintiff's speed was a factor for consideration by the jury in determining whether or not he was guilty of negligence.

Relative to this the court instructed the jury as follows:

"The Statutes of the State of Nebraska and the Ordinances of the City of Columbus, effective at the time of the accident both provided, in substance, that it shall be unlawful to drive a motor vehicle in excess of twenty-five miles per hour in the residential district of the city, which included 33rd Avenue at the scene of the accident."

The plaintiff in his motion for new trial and in his presentation here urges that this instruction was prejudicially erroneous. Expressly on this ground the district court sustained the motion and granted a new trial.

This contention in the light of that which appears on the face of the record is without merit.

It appears that the substantial basis of the contention is that the instruction told the jury that the locus of

the collision was within a residential section of the city, whereas he says this was not true or at least whether or not it was within the city limits was in dispute, and hence an instruction setting forth the law of the state and ordinances of the city of Columbus relating to speed in residential areas was improper.

The record however shows that in open court and apparently for the benefit of the jury the plaintiff agreed that the locus of the collision was a residental district and that the speed limit fixed by ordinance in such district was 25 miles an hour. The following appears in the bill of exceptions: "MR. PTAK: This Exhibit 15 is a certified copy of Sections 727 and 728 of the Ordinance 393 of Columbus, Nebraska. 727 defines the business district and 728 defines all the rest of Columbus as a residential district. MR. PTAK: Do you have any objection to my telling the jury that 33rd Avenue is a residential district? MR. DEUTSCH: I don't agree that the west half of 33rd Avenue is in the town. MR. PTAK: The east half I mean. MR. DEUTSCH: Yes, I'll agree that the east half is. MR. PTAK: That the east half of 33rd Avenue, Highway 81, as shown here on the exhibit to the point where it says city limits, is a residential district under this ordinance. Exhibit 16 provides a speed limit of 25 miles an hour in a residential district. If there is anything else you would care to have read there, you may do so, Mr. Deutsch."

Section 39-7,108, R. S. Supp., 1949, provides: "* * * No person shall drive a vehicle in any residence district within any city or village at a speed greater than twenty-five miles per hour unless, by the ordinance of such city or village, a greater rate of speed is specifically permitted. * * *"

In the record, and admitted without objection, is an ordinance of the city of Columbus fixing the maximum speed limit in residential districts at 25 miles an hour. The statute and the ordinance respectively make speed

in excess of this limit unlawful. The plaintiff admitted that this was a residential district.

In the light of the record made by the parties it was the right of the defendant to have the illegal speed of the plaintiff along with the other evidence, under proper instructions, considered by the jury in determining whether or not the plaintiff was guilty of negligence or contributory negligence. This is under the rule that proof of a violation of a statute or city ordinance relating to speed does not of itself establish negligence in an action for damages but it is evidence which is to be considered in determining whether a party charged is guilty of negligence. Gleason v. Baack, 137 Neb. 272, 289 N. W. 349; Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885; Watson Bros. Transp. Co. v. Chicago, St. P., M. & O. Ry. Co., 147 Neb. 880, 25 N. W. 2d 396.

Another ground on which the plaintiff insists that the motion for new trial was sustained is that the court failed to properly and sufficiently submit by instructions contributory negligence of the defendant with regard to the cause of action set out in the cross-petition.

This subject was not mentioned by the court as a ground for sustaining the motion for new trial but it was contained in plaintiff's motion for new trial, therefore its merit is proper for consideration and determination here.

The plaintiff by his petition charged the defendant with negligence. The answer contains what amounts to a charge of contributory negligence of the plaintiff. The cross-petition charges the plaintiff with negligence which was the proximate cause of the collision. To the answer and cross-petition the plaintiff filed an answer and reply, the pertinent part of which is the following:

"Comes now the plaintiff in the above entitled cause, and, for his Answer and Reply to the Answer and Cross Petition of the defendant, herein filed, denies each and every allegation therein contained, save and except

so much thereof as may have been heretofore expressly pleaded by the plaintiff in his petition."

With regard to contributory negligence this court has said: "Contributory negligence is an affirmative defense, which must be pleaded, and ordinarily involves questions of fact for the determination of the jury." Cook v. Chicago, R. I. & P. Ry. Co., 78 Neb. 64, 110 N. W. 718. See, also, Schrage v. Miller, 123 Neb. 266, 242 N. W. 649.

It is observable that in this pleading there is nothing amounting to a charge of contributory negligence against the defendant.

Literal application of this pronouncement would be to say that no complaint could be predicated upon failure to instruct with regard to contributory negligence on the part of the defendant. We think however that it should have no such literal application in the light of the pleadings and the theory on which the case was presented to the jury.

The plaintiff had already by his petition affirmatively charged the defendant with negligence which he claimed was the proximate cause of the collision, and only by technical and unreasonable refinement could it be said that by his answer and reply he abandoned it for the purposes of the cross-petition. We think the pleadings must be considered as a whole and that as so considered they contain a sufficient affirmative charge of contributory negligence as to the cross-petition.

While we have found no cases directly in point on this proposition other pronouncements we conclude support this reasoning. In Large v. Johnson, 124 Neb. 821, 248 N. W. 400, this court said: "Where there is no specific allegation of contributory negligence, the character of the plea will be determined by its effect; and if the parties by their introduction of evidence have assumed that such a defense was in issue, it is not reversible error for the court to instruct thereon." See, also, Grover v. Aaron Ferer & Sons, 122 Neb. 755, 241 N. W. 539; Traill

v. Ostermeier, 140 Neb. 432, 300 N. W. 375; Craig v. Cook, 28 Minn. 232, 9 N. W. 712; Pott v. Hanson, 109 Minn. 416, 124 N. W. 17; 49 C. J., Pleading, § 396, p. 326.

The evidence, which will not be reviewed here, was ample upon which to submit to a jury all of the charges and countercharges of negligence and contributory negligence.

The court did instruct and correctly on the theory that the plaintiff had pleaded contributory negligence of the defendant and that defendant had pleaded contributory negligence on the part of plaintiff. The failure complained of is that the trial court did not give the jury the necessary formula for comparing the negligence in case, as to defendant's cause of action, the plaintiff was found to be negligent and the defendant was found to be contributorily negligent.

Examination discloses that failure in this respect did exist as contended. The court gave the formula for comparison in case the defendant was found guilty of negligence as charged by plaintiff in his petition and the plaintiff was guilty of negligence which contributed to the collision but no like instruction was given on the other side either directly or by inference.

This was an issuable matter in the action and the plaintiff was entitled to instruction thereon. The failure of the court to so instruct was prejudicial error which was sufficient to and did require the granting of a new trial. McGrath v. Nugent, 133 Neb. 237, 274 N. W. 549; Yorke v. Seddon, 140 Neb. 101, 299 N. W. 333; Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680.

Having thus found, it is deemed unnecessary to consider any of the other grounds upon which it is insisted by the plaintiff that he was entitled to have his motion for new trial sustained.

The order of the district court sustaining the motion for and granting a new trial is affirmed.

AFFIRMED.