Argued April 12, affirmed May 23, 1962

## HIDDLESON *v.* ROSS

371 P. 2d 671

*Orval N. Thompson,* Albany, argued the cause for appellant. On the briefs were Weatherford & Thompson, Albany.

*Don G. Swink,* Portland, argued the cause for respondent. On the brief were Bailey, Swink and Gates and Harl H. Haas, Portland, and Rhoten, Rhoten & Speerstra, Salem.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

PER CURIAM.

This action resulted from a collision between a truck operated by plaintiff and an automobile operated by defendant's decedent. The two vehicles, proceeding in opposite directions, collided on a bridge on the Corvallis-Lebanon highway in Linn county. Defendant filed a counterclaim to plaintiff's complaint. Plaintiff's reply denied the allegations of negligence contained in defendant's counterclaim, but in the reply did not specifically challenge that defendant was guilty of contributory negligence. The case was tried to a jury. Defendant appeals from the verdict and judgment for plaintiff.

The court instructed the jury that contributory negligence would bar recovery by either party. Defendant assigns the instructions on contributory negligence as error. Defendant claims that the lack of allegations of contributory negligence in plaintiff's reply precluded the trial court from telling the jury that contributory negligence on the part of defendant's decedent was a defense to the counterclaim.

Cases involving a similar question are rare. We take the following from an opinion in an identical case decided by the Supreme Court of Nebraska:

"With regard to contributory negligence this court said: 'Contributory negligence is an affirmative defense, which must be pleaded, and ordinarily involves questions of fact for the determination of the jury.' Cook v. Chicago, R. I. & P. Ry. Co., 78 Neb. 64, 110 N.W. 718. See, also, Schrage v. Miller, 123 Neb. 266, 242 N.W. 649.

"It is observable that in this pleading there is

nothing amounting to a charge of contributory negligence against the defendant.

"Literal application of this pronouncement would be to say that no complaint could be predicated upon failure to instruct with regard to contributory negligence on the part of the defendant. We think however that it should have no such literal application in the light of the pleadings and the theory on which the case was presented to the jury.

"The plaintiff had already by his petition affirmatively charged the defendant with negligence which he claimed was the proximate cause of the collision, and only by technical and unreasonable refinement could it be said that by his answer and reply he abandoned it for the purpose of the cross-petition. We think the pleadings must be considered as a whole and that as so considered they contain a sufficient affirmative charge of contributory negligence as to the cross-petition." *Tempero v. Adams,* 1950, 153 Neb 331, 44 NW2d 604, 607.

■ We think that this is proper and adequate answer to defendant's assignment of error. Certainly, in a case of this kind the court had the duty to tell the jury that the negligence of either party which contributed to and proximately caused the accident would prevent recovery by that party. There was no error in the instructions.

■ Other assignments of error complain of the failure of the trial court to give certain requested instructions. The matter presented by the requests was otherwise given by the judge. There was no error.

Affirmed.