Argued October 12, affirmed December 30, 1971

ROYER, *Respondent, v.* WENDLAND, *Appellant.*

492 P2d 280

[ 1 ]

2

*Fred A. Anderson,* Tigard, argued the cause for appellant. With him on the briefs were Anderson and Dittman, Tigard.

*Francis F. Yunker,* Portland, argued the cause for respondent. With him on the brief was J. Robert Jordan, Portland.

BRYSON, J.

Plaintiff brought an action at law for damages against defendant, demanding general and punitive damages. Defendant filed a general denial, affirmatively pleaded self-defense, and counterclaimed, alleging that the plaintiff committed assault and battery upon the defendant. Plaintiff's reply is a general denial. The jury returned a verdict against defendant and in favor of plaintiff for $1,500 general damages and $5,000 punitive damages. Defendant appeals.

The following, from the evidence, explains the incident. Plaintiff lives on a tract of land located three-tenths of a mile off Highway 219, between Hillsboro and Newberg, Oregon. In order to enter his property from Highway 219, it is necessary that he travel on an access road across defendant's property. The parties to this action have a long history of differences. They have previously been involved in disputes over the joint use of spring waters, a common fence line, and use of the access road. *See Royer v. Gailey,* 252 Or 369, 449 P2d 853 (1969).

On the morning of April 23, 1970, the defendant and an employee were working alongside the access road to plaintiff's property. Plaintiff drove his Ford van past this area on his way to Highway 219, but in

response to his wife's signal on a portable electronic device he turned back towards his home. As he again reached the point where defendant was working, the defendant, according to the evidence, stepped out in the middle of the road, causing plaintiff to stop his vehicle, and began hurling epithets at the plaintiff and threatened to kill him. Defendant moved to the left side of the vehicle, and plaintiff backed up several feet. The defendant was again in front of the Ford van, and the plaintiff attempted to move his vehicle around the defendant. This time the defendant moved to the right of the vehicle and struck his hammer through the windshield three times, splintering the windshield, and some of the glass particles struck the plaintiff. The plaintiff picked up a tire iron, but at no time did he get out of the vehicle or stop the motor. When he saw the defendant was moving away from his vehicle, he drove to his home. The defendant's counterclaim alleges that plaintiff operated his vehicle "into the person of defendant with the intent and purpose of running down and crushing defendant * * *."

Defendant first assigns as error:

"The court erred in repeatedly instructing the jury that plaintiff's complaint stated a cause of action for assault *and battery* and thereby mislead the jury into allowing damages for assault *and battery* without any basis therefor in plaintiff's pleading."

■ The defendant contends that battery is not pleaded on the face of the complaint. It is true that the complaint does not use the word "battery," but neither does it use the word "assault." The complaint alleges the ultimate facts that would constitute battery and this is all that is essential. *McGill v. Huling Buick Company,* 259 Or 413, 416-17, 487 P2d 656 (1971).

■ The defendant did not raise the question of adequacy of plaintiff's pleading or demur thereto other than in requested instructions, which are discussed in subsequent assignments of error. It is well settled in this state that a pleading first challenged on appeal must be construed favorably to the pleader.

"* * * It is axiomatic that a pleading first challenged here is construed favorably to the pleader. If the pleading can be construed as stating a cause of action or a defense, it will be upheld. *Carter v. Kelley*, 1958, 215 Or 145, 330 P2d 1057, 332 P2d 597." *Politte v. Vanderzee*, 256 Or 461, 473 P2d 1013, 1014 (1970).

■ The court did instruct the jury on assault and battery. The defendant's objections to the trial court's instructions relating to assault and battery were not raised until after the instructions had been given. At this time the defendant had also requested instructions relating to both assault and battery. The defendant stated to the trial court:

"MR. ANDERSON: Well, Your Honor, unless it's too late, I would like to move the Court to instruct the jury that there is no basis in the Complaint for the allowance of any damages for battery as far as the plaintiff is concerned.

"THE COURT: Well, I'm not going to do it.

"MR. ANDERSON: With respect to the instructions not given, the defendant respectfully excepts to the Court's failure to give defendant's Requested Instruction 3, which would have raised the question of whether or not there was in fact an assault upon plaintiff by the defendant as opposed to maybe an assault upon the car or battery."

After an extended statement by plaintiff's counsel, he again stated:

"I respectfully except to the Court's failure to give defendant's Requested Instruction 13 (read-

ing) : 'You're instructed that in estimating the damages which accrue from an assault and battery, it is not necessary that any specific sum should have been named or stated in the evidence. Actual damages are those which flow directly and naturally from the act complained of, and such damages, if any, which you find from the evidence, and allow, shall not exceed the amount claimed in the Complaint.' "

This leaves the defendant in the position of objecting to the court's inclusion of battery in his instruction to the jury and at the same time objecting to the court's failure to instruct on damages accruing from battery. This is an inconsistent position, and we find that the trial court did not err in this respect.

Defendant's next assignment of error is:

"The court erred in failing to give the following requested instruction:

'I instruct you under the evidence adduced in this case that there is a total lack of evidence that the defendant in any manner assaulted or battered plaintiff or came into contact with plaintiff's person in any manner sufficient to constitute an assault or battery or both, therefore, you must bring in a verdict for the defendant.' "

One of the defendant's other assignments of error is:

"The court erred in failing to give the following requested instruction:

'You are instructed that if you believe from the evidence in this case that the plaintiff was the aggressor, and that the defendant used such force as was necessary to repel an attack upon him by the plaintiff, then the plaintiff would not have a right to recover in the case, and you must find then for the defendant.' "

 The first above-mentioned requested instruction questions the sufficiency of the evidence adduced at trial. We have closely reviewed the evidence and in taking the evidence most favorable to the plaintiff, we find that the jury could have properly returned a verdict in favor of the plaintiff. In the second above-mentioned requested instruction we are of the opinion that the court properly instructed the jury on the law pertaining to self-defense. Both of these requested instructions were also objectionable in the form in which they were submitted. They conclude with the language, "you must bring in a verdict for the defendant," and "you must find then for the defendant." In *Ginter v. Handy*, 244 Or 449, 451, 419 P2d 21 (1966), this court stated:

"*** The trial court was not obliged to give the requested instruction regardless of the correctness of the law stated by the instruction because the closing clause, 'your verdict must be for the defendants,' destroys the neutral form that instructions should have ***."

■ The defendant further assigns as error that:

"The court erred in failing to give the following requested instruction:

'You are instructed that the right of self-defense against an assault arises the moment an attack is made even though the party assailed may not have reason to believe that his assailant intended to inflict upon him great bodily injury, and he may lawfully repel indignities or violence to his person with as much necessary resistance as is at the time available to him.'"

The court did instruct the jury as follows:

"I instruct you that the defendant has pleaded self defense as justification for the assault upon

plaintiff. I instruct you that this is an affirmative defense and that the defendant has the burden of proving the same by a preponderance of the evidence. You are instructed that a person may repel force by force in defense of his person against one who manifestly intends or endeavors by violence to do bodily harm to him, and the danger which would justify a party in an assault and battery alleged against him may either be real or apparent. And the jury is not to consider whether the party was in actual danger of receiving bodily injury but only whether the indications were such as to induce a reasonable man to believe that he was in such danger, and if so believed, reasonably and had sufficient cause to so believe, and committed the act complained of under such belief, then he was justified whether the danger was real or apparent."

Without passing on the merits of defendant's requested instruction, we are satisfied that the jury was properly instructed on the law pertaining to self-defense.

■ The defendant next assigns as error that:

"The court erred in failing to give the following requested instruction:

'I instruct you as a matter of law the plaintiff has failed to establish by the evidence his exclusive right to the use of that portion of the roadway where the alleged altercation occurred. And, therefore, insofar as the rights of the plaintiff may be concerned, defendant Wendland was not a trespasser, and defendant had a right personally to enter upon that portion of the roadway with which we are here concerned.' "

Defendant argues that trespass was material to the issues involved in this case, and on this basis cites *Eldred v. Burns et al,* 182 Or 394, 182 P2d 397, 188 P2d 154 (1947), and *Scheufele v. Newman,* 187 Or 263,

210 P2d 573 (1949). From the reading of the entire transcript of evidence, we do not believe that trespass was an integral part of the factual scheme or theory of plaintiff's case. The question of ownership was not in issue and the court so instructed the jury. For this reason, we do not believe the court erred in this respect.

■ The defendant's final assignment of error is that:

"The court erred in failing to give the following requested instruction:
'I instruct you that damages may not be allowed to either plaintiff or defendant against the other except as to those damages, if any, you find to be the direct result of and proximately caused by the altercation of April 23, 1970.' "

The court instructed the jury as follows:

"I instruct you that the evidence of the behavior and bad feelings, if any, you find by either or both the plaintiff or the defendant against the other arising prior to or after the altercation of April 23, 1970, may be considered with respect to punitive damages if any only and only after you have made a determination, if you do, from the evidence with respect to the altercation of April 23, 1970, that either the plaintiff or the defendant is entitled to prevail and is further entitled to general damges [sic].

"Such evidence of behavior, ill feelings, if any, arising prior to or after the altercation of April 23, 1970, is admissible only to show expressed malice if any by either the plaintiff or the defendant toward the other, and may be considered by you only in fixing punitive damages if any as distinguished from general damages, if any, that you may find either the plaintiff or the defendant is entitled to recover from the other."

Whether or not the court's instruction, as given, is a correct statement of the law is not before us, but we are of the opinion that the instructions as a whole adequately cover the instruction requested by defendant in this assignment of error. *See Hiddleson v. Ross,* 231 Or 21, 23, 371 P2d 671 (1962).

Affirmed.

McALLISTER, J., concurs in the result.