Argued November 7, affirmed December 31, 1973

SCOTT, *Respondent, v.* WESTERN INTER-
NATIONAL SURPLUS SALES, INC., *Appellant.*

517 P2d 661

*David A. Vinson,* Eugene, argued the cause for appellant. With him on the brief were Sahlstrom, Lombard, Starr & Vinson, Eugene.

*James H. Anderson,* Eugene, argued the cause for respondent. With him on the brief were Thompson, Mumford, Woodrich & Anderson, Eugene.

DENECKE, J.

This action was brought pursuant to a 1971 act relating to consumer protection. ORS 646.605 et seq.

The court heard the case without a jury and awarded the plaintiff $200 general damages, punitive damages and attorney fees. The evidence most favorable to the plaintiff will be considered.

The plaintiff's son was looking for a tent to take backpacking. He wanted a tent that would be suitable for use in the snow. For this reason he wanted a window with a closing flap that could be secured and eaves. Plaintiff and his son looked at a tent in defendant's store. The tent was in a sealed package with a card enclosed stating "Nylon Net Rear Window with ZIPPERED flap." A diagram on the card pictured the flap. The card also pictured a tent with eaves.

Plaintiff bought the tent. The plaintiff and his son brought the tent home and took it out of its package. They found the tent did not have these two features. At the rear there was only a vent which could not be securely closed. Plaintiff immediately tried to return the merchandise. However, defendant would not give him a refund and plaintiff refused a credit for future purchases because the only item he wanted was a tent. The defendant did not have any tent which had the features plaintiff's son wanted.

Plaintiff brought this action pursuant to ORS 646.-638, which provides:

> "(1) Any person who purchases * * * goods * * * and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. * * *."

ORS 646.608 (g) declared the misrepresentation of goods to be unlawful.

Plaintiff alleged in essence the facts we have set forth and further alleged: "As a result of defendant's above mentioned conduct, plaintiff has suffered an ascertainable loss of money and is entitled to recover the sum of Two Hundred Dollars ($200.00)."

The defendant did not move against or demur to the complaint but now contends on appeal that the complaint does not state a cause of action. Defendant also contends that the trial court should have granted its nonsuit because plaintiff failed to prove an ascertainable loss.[1]

■■ We conclude the complaint states a cause of action. Under the statute there is no need to allege or prove the amount of the "ascertainable loss"; the plaintiff is only claiming the minimum of $200 which is recoverable if an ascertainable loss of any amount is proved. If the defendant was of the opinion that it was inadequately informed by this allegation, before answering, it should have moved to require the plaintiff to make the allegation more definite and certain.

■ The judgment of nonsuit was properly denied. "Ascertainable" can reasonably be interpreted to mean, capable of being discovered, observed or established.[2] As we have already stated, the amount of the loss is immaterial if only $200 is sought.

■ There was evidence of an "ascertainable loss." The tent was purchased for $38.86. The inference is

[1] We need not discuss the effect of a nonsuit in a case tried by the court alone. See Karoblis v. Liebert, 263 Or 64, 501 P2d 315 (1972).

[2] This phrase, "ascertainable loss," probably was taken from a model consumer protection act formulated by the Federal Trade Commission. 26 Suggested State Legislation A-71 (1969). We have not found any comments directed to the use of this phrase.

that the tent, as represented, had that value. The tent sold did not have some of those represented features. The inference can be drawn that because the tent did not have a window with a closing flap or eaves it had a value of less than $38.86. To repeat, the plaintiff did not have to prove in what amount the value of the tent was reduced because it was not as represented. He merely had to prove he suffered some loss.

Defendant also contends it was entitled to a nonsuit because the statute requires a "wilful" misrepresentation and there was no evidence of wilfulness. ORS 646.605 (8) provides: "A wilful violation occurs when the person committing the violation knew or should have known that his conduct was a violation."

■ The evidence in this case may not be susceptible to the interpretation that the defendant knew of the misrepresentation;[a] however, the evidence was certainly sufficient for the trial court to find the defendant should have known.

The defendant sold so many tents that it had one employee designated as tent manager. One of his duties was to familiarize himself with the various tents offered for sale. Defendant had sold a substantial number of tents of the model sold plaintiff. Defendant had a separate tent display area in which a tent of the kind purchased by plaintiff was set up for display. (This display area was not shown plaintiff nor was he told of its existence.) In the displayed tent defendant placed another tent of the same kind, wrapped in its plastic package.

---

[a] The defendant did not contend at trial or in its assignment of error that the evidence did not support an award of punitive damages.

From this evidence the trier of the facts could find the defendant should have known of the discrepancies between the representations made on the card and the actual product, as exhibited by the displayed tent.

Affirmed.