Argued October 27, affirmed November 20, 1975

ALLEN, *Respondent, v.* MORGAN DRIVE
AWAY, INC., *Appellant.*

542 P2d 896

*David K. Young,* Portland, argued the cause and
filed a brief for appellant.

*Claud A. Ingram, Jr.,* John Day, argued the cause
and filed a brief for respondent.

Before O'Connell, Chief Justice, and McAllister, Denecke, Tongue, Howell and Bryson, Justices.

O'CONNELL, C. J.

This is an action brought under ORS 646.638 to recover compensatory and punitive damages for an unlawful trade practice arising out of an agreement by defendant to move a mobile home owned by plaintiff.[1] The case was tried to a jury which returned a verdict of $512.50 general damages and $2,000 punitive damages. Defendant appeals from that part of the judgment providing for the recovery of punitive damages.

Plaintiff's wife made inquiry of defendant as to the cost of moving plaintiff's mobile home from Hermiston, Oregon to Mt. Vernon, Oregon. In her conversation with defendant's agent, plaintiff's wife asked if the house could be moved over Highway 395. She was informed that Highway 395 was not approved by the Public Utility Commissioner for the movement of mobile homes and that a permit for that purpose could not be obtained. It was then agreed that the house would be moved over a route which was more circuitous than Highway 395.

The evidence establishes that permits for the transportation of mobile homes are issued by the State Highway Commission and not by the Public Utility

---

[1] ORS 646.638(1) provides: "Any person who purchases or leases real estate, goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. The court or the jury, as the case may be, may award punitive damages and the court may provide such equitable relief as it deems necessary or proper."

Commissioner. A few days after plaintiff had agreed to pay for the more circuitous route, defendant's agent called plaintiff and represented that another route even more circuitous than the one agreed upon would have to be taken. Plaintiff agreed to pay the additional charge for transporting the mobile home over this latter route. Defendant moved the home over a shorter route than the one finally agreed upon but charged plaintiff for the longer route.

The jury could have found from the evidence that defendant knowingly made misrepresentations with respect to the availability of routes for the movement of the mobile home. In effect, defendant concedes this in not appealing from the judgment imposing compensatory damages. However, defendant contends that there is no ground for imposing punitive damages.

■ We are of the opinion that there is ground for the imposition of punitive damages. The evidence reveals a deliberate and calculated effort to misrepresent the facts with respect to the availability of the routes over which plaintiff's mobile home could be transported. This is the kind of conduct which should be deterred. The imposition of punitive damages will help to deter it.

■ Defendant also contends that it is not liable for punitive damages because the wrongful act was committed by a non-managerial employee, citing the Restatement (Second) of Agency § 217(c) (1955). We rejected the Restatement rule, however, in *Stroud v. Denny's Restaurant,* where we held that "[i]f the employee was acting within the scope of his employment, the corporation will be liable for punitive damages regardless of whether that employee may be classified as 'menial.'" 271 Or 430 at 437, 532 P2d 790 (1975).

Judgment affirmed.