Argued February 4, affirmed February 26, 1976

SHERROD et ux, *Plaintiffs-Respondents,*
*v.*
HOLZSHUH et ux, *Defendants,*
*and*
E. E. BOWEN, INC., *Defendant-Appellant.*

546 P2d 470

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for appellant.

*Douglas M. Fellows,* of Hedrick, Fellows, McCarthy & Zikes, PC, Portland, argued the cause and filed a brief for respondents.

TONGUE, J.

 

**TONGUE, J.**

The complaint in this case joined a suit to rescind a contract for the purchase of a house with an action for damages under the Oregon Unlawful Trade Practices Act (ORS 646.605 et seq.) both based upon alleged misrepresentations by defendants, including both the sellers of the house and their real estate agent.

The case was tried before a jury. At the conclusion of the testimony the trial judge held that plaintiffs were entitled to a rescission of the transaction and then submitted to the jury plaintiffs' claim for damages under the Act. The jury returned a verdict against defendants for $400 general and $5,000 punitive damages, plus repayment of its commission of $880 and $2,500 for attorney fees.

Defendant E. E. Bowen, Inc., appeals,[1] contending that:

(1) The complaint fails to state facts sufficient to constitute a cause of action for damages;

(2) The court erred in combining for trial a suit in equity for rescission with an action at law for damages;

(3) The court erred in failing to strike punitive damages because of plaintiffs' failure to prove general damages;

(4) The court erred in failing to instruct that under that Act defendant's conduct must be willful;

(5) The court erred in instructing the jury that it had decided to rescind the transaction without explaining that its ruling did not indicate any legal liability.[2]

Because defendant did not question the sufficiency of the evidence to support the verdict, except upon the

---

[1] Because defendant E. E. Bowen, Inc., is the only appellant, it will be referred to as "defendant" or as "defendant Bowen."

[2] It appears from the record that defendant was represented by different counsel at trial and on this appeal.

[ 329 ]

issues raised by these contentions, it would serve no useful purpose to summarize the facts.

1. *The complaint stated sufficient facts to constitute a cause of action for damages.*

■ Defendant filed no demurrer, but relies upon the rule that the failure of a complaint to state sufficient facts to constitute a cause of action may be raised for the first time on appeal, citing *Shires v. Cobb et al,* 271 Or 769, 534 P2d 188 (1975). In such an event, however, the complaint will be construed more liberally in favor of the plaintiffs than if tested at the usual time by demurrer. *Keegan et al v. Lenzie,* 171 Or 194, 202, 135 P2d 717 (1943). *See also Royer v. Wendland,* 261 Or 1, 5, 492 P2d 280 (1971).

■ Defendant says that the Oregon Unlawful Trade Practices Act limits the civil remedy in damages to "the *wilful* use or employment" of an unlawful practice. (ORS 646.638) Defendant recognizes that plaintiffs' complaint alleged that the misrepresentations complained of were made "willfully and maliciously," but contends that this was the pleading of a "mere conclusion," citing *Holden v. Pioneer Broadcasting Company et al,* 228 Or 405, 418, 365 P2d 845 (1961).

Regardless of whether *Holden* may be distinguished on its facts, as contended by plaintiffs, we hold that this allegation is sufficient in an action under this statute when its sufficiency is challenged for the first time on appeal.[3]

2. *Any error in combining the two proceedings for trial was waived by failure to object.*

■ In contending that the trial court erred in combining for trial a suit in equity for rescission with an action at law for damages defendant recognizes that this court may disregard this assignment of error

---

[3]In view of this holding we also need not consider plaintiffs' further contention that "willfulness" is not a proper requirement in such an action, despite our holding in *Scott v. Western Int. Sales, Inc.,* 267 Or 512, 516, 517 P2d 661 (1973).

because of defendant's failure to object at the time of trial. Nevertheless, defendant asks this court to apply to this case on appeal the rule that a trial court may order a new trial on its own motion for error which, if properly excepted to, would have been sufficient for that purpose, citing *Smith v. Wetherell,* 269 Or 91, 103, 523 P2d 1272 (1974) (dissenting opinion). See also *Beglau v. Albertus,* 272 Or 170, 180-86, 536 P2d 1251 (1975). Defendant also contends that plaintiffs were required to elect whether to proceed in equity to rescind the transaction or at law for damages, citing *Mayer v. First National Bk. of Oregon,* 260 Or 119, 134, 489 P2d 385 (1971).

The Oregon Unfair Trade Practices Act provides, by ORS 646.656, that:

> "The remedies provided in ORS 646.605 to 646.652 are in addition to all other remedies, civil or criminal, existing at common law or under the laws of this state."

In addition, subsequent to the trial of this case the Oregon legislature amended ORS 16.220 so as to now permit the joinder of a suit and an action. (Oregon Laws 1975, ch 158)

Regardless of whether ORS 646.656 permits such a joinder or whether plaintiffs would otherwise have been required to make an election of remedies, and despite the fact that the amendment to ORS 16.220 was not effective when this case was tried, we believe that under the circumstances of this case, including defendant's failure to object to the combining of the two proceedings for trial, this court should decline to exercise any inherent power that it may have to order a new trial in this case on this ground.

3. *The trial court did not err in denying defendant's motion to strike punitive damages for failure to prove general damages.*

Defendant contends that plaintiffs failed to offer sufficient proof that they incurred moving expenses so as to establish that they sustained any actual general

damages and that, as a result, it was error to deny defendant's motion to strike punitive damages.

In support of that contention defendant refers to the testimony of plaintiff William Sherrod to the effect that his estimate of $750 in moving expenses was based upon his testimony that he "figured having to move in and move out" to another house and that he had taken "an average cost of what the average mover requests." On cross-examination he testified that he did not recall the exact expense when he last moved, but that he then "moved myself" with a rented trailer. Defendant says that such testimony was not sufficiently definite to satisfy the test of "reasonable certainty" for proof of damages, as previously stated by this court.

It may be that if defendant had objected to plaintiffs' evidence of general damages upon these grounds and had assigned as error the admission of that evidence, such an assignment would have been well taken. We need not decide that question, however, because defendant made no such objection and took no such assignment of error.

■ The question to be decided in this case is whether plaintiffs suffered such general damage as would entitle them to an award of punitive damages under the terms of the Oregon Unfair Trade Practices Act. ORS 646.638 provides:

> "(1) Any person who purchases or leases real estate, goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. The court or the jury, as the case may be, may award punitive damages and the court may provide such equitable relief as it deems necessary or proper."

In *Scott v. Western Int. Sales, Inc.,* 267 Or 512, 515, 517 P2d 661 (1973), we held that under this statute

"there is no need to allege or prove the amount of 'ascertainable loss,' " it being sufficient "if ascertainable loss of any amount is proved." We believe that plaintiffs' testimony, at least when received without objection, was sufficient to make it a jury question whether, for the purposes of this statute, plaintiffs suffered "any ascertainable loss," so as to be entitled to an award of punitive damages under this statute. In so holding we may assume, without deciding, that such proof is a necessary condition to an award of punitive damages under this statute.

4. *The court did not err in failing to give a specific instruction that defendant's conduct must have been "wilful."*

The trial judge instructed, among other things, that:

"* * * This Statute says that any person who purchases real estate and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the *willful use or employment by others of a method, act or practice declared unlawful* may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. * * *" (Emphasis added)

Defendant contends that:

"* * * [T]he court then instructed extensively accordingly to the allegations of the complaint, and indicated the plaintiffs could recover if these allegations were proved. Under this state of affairs, the jury, never being told that plaintiff had to prove wilful misconduct, and never being told what 'wilful' meant, could look at the pleadings, and award damages for merely 'the aforementioned *erroneous* representations.' " (Emphasis theirs)

It appears, however, that defendant took no exception to these instructions, which informed the jury that the statute provided a remedy for loss resulting from "the willful use or employment" of unlawful conduct. It is true, as defendant points out, that he was granted "an exception to my submitting anything" because of his motion for a directed verdict (the denial of which is not assigned as error). This, however, was

[ 333 ]

not the same as what defendant refers to as an "automatic exception." In any event, because defendant failed to point out to the trial judge the defect claimed by him in these instructions, so as to provide an opportunity to the trial judge to correct any such defect, we decline to reverse the trial court for any error that might otherwise have resulted. See *Beecher v. Montgomery Ward & Co.,* 267 Or 496, 503, 517 P2d 667 (1973).

5. *The court did not err in informing the jury that it had rescinded the transaction.*

Defendant contends that:

"The court erred in instructing the jury that it had decided rescission as a matter of law, without also informing the jury that its ruling did not indicate any legal liability on the part of the defendant."

and that:

"* * * By this instruction the court is ruling as a matter of law there is liability, the only issue presented to the jury was to assess damages. The net effect was to deny the defendant its constitutional right to a jury trial."

Upon examining the instructions given by the trial court, however, we find that although the jury was informed that the court had rescinded the transaction, thus disposing of plaintiffs' first cause of suit, the court then went on to instruct the jury in some detail upon plaintiffs' second cause of action for damages, including the requirements of the Oregon Unlawful Trade Practices Act. We believe that these instructions were sufficient and that the jury was not misled by them.

The judgment and decree of the trial court is affirmed.