On respondent's petition for rehearing filed May 31, petition for rehearing denied June 21, former opinion filed May 10, 1977, see 278 Or 341, 563 P2d 1203

WOLVERTON, *Appellant,*
*v.*
STANWOOD et al, *Respondents.*
(No. 404-722, SC 24418)

565 P2d 755

Rees C. Johnson, of Shannon, Johnson & Sharp, Portland, for the petition.

No appearance contra.

HOWELL, J.

**HOWELL, J.**

Defendants in this case have filed a petition for a rehearing on the grounds that this court, having reversed the judgment n.o.v. in their favor, should then have considered the propriety of their alternative motion for a new trial rather than ordering the reinstatement of the original judgment for plaintiff entered on the jury's verdict.

■ We agree that we should have specifically dealt with the merits of defendants' motion for a new trial as well as with the propriety of the judgment n.o.v. *See, e.g., Austin v. Sisters of Charity,* 256 Or 179, 470 P2d 939 (1970); *German v. Kienow's Food Stores,* 246 Or 334, 425 P2d 523 (1967); *Fowler v. Courtemanche,* 202 Or 413, 274 P2d 258 (1954). However, having now considered the issues raised in defendants' motion for a new trial, we find that there was no basis upon which that motion could have been properly granted.

In granting defendants' motion for a judgment n.o.v., the trial court also ruled that if it had not granted that motion it would have granted defendants' alternative motion for a new trial "for the reasons assigned in Point C of defendants' motion." Paragraph C of defendants' motion took the following form:

> "C. The jury was confused by the instructions of the court that the issue of whether the work was done in the course of business, profession or occupation was still before the jury because the defendants in their pleadings appeared to admit that they were acting within the scope of their business, profession or occupation."

The potential confusion surrounding the pleadings arose because the case was submitted on plaintiff's third amended complaint and the answer which had been made to plaintiff's second amended complaint. In their answer, defendants admitted paragraphs I and II of plaintiff's complaint. However, in his third amended complaint, plaintiff alleged in paragraph I that defendants "were acting in the course of their business and occupation." Despite the fact that they

were specifically given leave to do so, defendants failed to amend their answer to deny this additional allegation. However, when the trial court instructed the jury that defendants' answer admitted the allegations in paragraphs I and II of plaintiff's complaint, defendants excepted to this instruction and pointed out that they wished to raise an issue as to whether they were acting within the course of their business and occupation when they sold the engine. The trial court then reinstructed the jury as follows:

> "THE COURT: I advised you, in reading the answer to the plaintiff's third amended complaint, that the defendants admitted Paragraph I thereof. The defendants admit Paragraph I thereof except that they deny B. and M. Texaco were acting in the course of their business or occupation.
>
> "Other than that, my instructions will stand as given."

No further exception was taken and no amended answer was tendered. However, in ruling upon defendants' alternative motion for a new trial, the trial court apparently agreed with defendants' contention that its reinstruction was insufficient to clear up any possible confusion:

> "The court should have caused a written amendment to be made to the answer before it was submitted to the jury rather than correct it orally. The jury could well have been confused."

■ We do not agree with this conclusion. Apparently, at the time of trial, defendants were quite content to rely on the oral reinstruction to obviate any possible confusion that might otherwise have arisen with respect to the admissions contained in their answer. Defendants had been given leave to amend and apparently chose not to. Moreover, the trial court's reinstruction emphasized that defendants did not admit that they were acting in the course of their business or occupation. Under these circumstances, we conclude that there is no reasonable basis upon which a motion for a new trial could have been allowed on these grounds.

■ We also conclude that the other grounds relied upon by defendants in their motion for a new trial are similarly without merit. Defendants contend that the jury's verdict was inconsistent because, although punitive damages were awarded on plaintiff's first count (violation of the Unlawful Trade Practices Act), the jury failed to find defendants guilty of common law fraud under plaintiff's second count. We find no necessary inconsistency. The elements of common law fraud are distinct and separate from the elements of a cause of action under the Unlawful Trade Practices Act and a violation of the Act is much more easily shown. *See, e.g., Sherrod v. Holzshuh,* 274 Or 327, 546 P2d 470 (1976); *Scott v. Western Int. Sales, Inc.,* 267 Or 512, 517 P2d 661 (1973). In this case, there was evidence from which the jury could well have concluded that defendants' actions were taken with wilful disregard for plaintiff's rights, and punitive damages were therefore appropriate under the statute, ORS 646.638(1). *See also Allen v. Morgan Drive Away,* 273 Or 614, 542 P2d 896 (1975).

■ Finally, defendants contend that there was no basis in the evidence for an award of $510 in general damages. We have once again reviewed both the testimony and the exhibits in this case which relate to the issue of damages. We find that this contention is without merit. The bills for work on this engine totaled approximately $750. However, plaintiff admitted that about $200 worth of expenses would have been incurred even if the engine had been as represented. This brought the total down to approximately $550. There was also testimony that several minor repair items were not properly attributable to defendants. Allowing for both these factors, however, we find that the jury's verdict of $510 was adequately supported by the evidence.

In summary, we find no basis for a new trial in this case, and defendants' petition for rehearing is therefore denied.