Argued January 19, reversed and
remanded March 19, 1979

LUEDEMAN, *Respondent,*
*v.*
TRI-WEST CONSTRUCTION CO., *Appellant.*
(No. 7213, CA 11727)

592 P2d 281

John M. Eaton, Burns, argued the cause and filed a brief for appellant.

Irvin D. Smith, Burns, argued the cause and filed a brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges, and Bryson, Judge Pro Tempore.

BRYSON, J., Pro Tempore.

**BRYSON, J.,** Pro Tempore.

Plaintiff brought this action under the Unlawful Trade Practices Act, ORS 646.605 to 646.656, contending that defendant violated the Act in representing that it would install awnings on her mobile home to her "complete and absolute satisfaction." The jury returned a plaintiff's verdict for special damages and punitive damages. Judgment was entered accordingly, together with attorney fees. Defendant appeals.

Defendant first contends that the court erred in overruling its demurrer to plaintiff's complaint. The demurrer asserted that the complaint did not state a cause of action under the Unlawful Trade Practices Act. The complaint, not a model of clarity, alleged as follows:

"* * * * *.

"III

"On or about June 16, 1976, plaintiff and defendant entered into an agreement whereby defendant agreed to perform certain work on plaintiff's home. Said work consisted of the installation of two awnings, and repairs to the back door and work related thereto for the agreed price of $1,900.00.

"IV

"Defendant * * * represented to plaintiff that the work would be done to plaintiff's absolute satisfaction and, further, that faulty material and workmanship would be replaced free of charge.

"V

"The work was not performed as represented * * *.

"VI

"Defendant never completed its work as promised * * *, all to plaintiff's damage in the sum of $908.00.

"VII

"Representations made by defendant through its agents in connection with the aforementioned sale of goods and services were deceptive. This action is brought pursuant to O.R.S. 646.605 – 646.656, and plaintiff is, therefore, entitled to punitive damages in

[403]

the amount of $15,000.00, plus attorney's fees in the amount of $1,500.00."

■ The complaint is defective in that it fails to allege that defendant acted wilfully. ORS 646.638(1), which creates the private right of action for unlawful trade practices, states:

> "(1) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of *wilful* use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater * * *. (Emphasis added.)
>
> "* * * * *."

ORS 646.605(9) provides:

> "* * * * *.
>
> "(9) A wilful violation occurs when the person committing the violation knew or should have known that his conduct was a violation."

■ Under ORS 646.638 no action lies unless the defendant's conduct was wilful. *See Sanders v. Francis*, 277 Or 593, 598, 561 P2d 1003 (1977); *Scott v. Western Int. Sales, Inc.*, 267 Or 512, 516, 517 P2d 661 (1973).[1]

■ Here, plaintiff failed to allege wilfulness and failed to introduce evidence of wilfulness at trial. Further, the jury was not instructed on the wilfulness provision of the statute nor was that requirement mentioned in the court's "summary of issues" presented to the jury in lieu of the pleadings. None of the rules of "aider by verdict" save the action.[2] Therefore, the court erred in

---

[1] *Cf. Sherrod v. Holzshuch*, 274 Or 327, 330 n 3, 546 P2d 470 (1976) (argument that wilfulness is not a proper requirement declined consideration where defendant filed no demurrer).

[2] The issue was not raised in any of the pleadings and was not aided by the verdict because the necessary allegation was wholly omitted. *Spears v. Huddleston*, 265 Or 168, 174-75, 508 P2d 438 (1973); *Fulton Ins. v. White Motor Corp.*, 261 Or 206, 214, 493 P2d 138 (1972). Had the issue of wilfulness been tried and evidence offered, the liberal rule of *Spears* and *Fulton Ins.* would have saved plaintiff's case.

not allowing defendant's demurrer to the complaint. This resolution of defendant's first assignment of error makes it unnecessary for us to consider defendant's third and fourth assignments of error.

■ The only remaining assignment of error is defendant's contention that the trial court erred in refusing to direct a verdict for defendant on its counterclaim. The counterclaim was for the contract price of the awnings less a credit for plaintiff's damages. The test for a directed verdict on the facts is whether, from the evidence, reasonable persons could draw but one inference. *Simpson v. Sisters of Charity of Providence*, 284 Or 547, 559, 588 P2d 4 (1978). It suffices to say that from the evidence in this case, the jury could have concluded that defendant breached the contract by its manner of performance, thus excusing plaintiff from payment on the contract. The trial court did not err in denying defendant's motion for a directed verdict.

Reversed and remanded.