Argued and submitted July 25, affirmed December 21, 1983, reconsideration denied February 10, petition for review allowed March 27, 1984 (296 Or 712)
See 298 Or 127, 690 P2d 488 (1984)

# WEIGEL,
## *Respondent,*

*v.*

# RON TONKIN CHEVROLET CO.,
## *Appellant.*

## (A8106-03272; CA A25638)

673 P2d 574

Barbee B. Lyon, Portland, argued the cause for appellant. With him on the briefs were Janet C. Neuman, and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

James R. Carskadon, Jr., Milwaukie, argued the cause for respondent. With him on the brief was Redman, Carskadon, Knauss & Kelley, Milwaukie.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action for fraud and for violation of the Unlawful Trade Practices Act (UTPA), ORS 646.605 *et seq.* The trial court granted defendant's motion for a directed verdict on the fraud count. Defendant appeals from a judgment for general and punitive damages following a jury trial. It contends that the trial court erred in (1) entering judgment for plaintiff, (2) instructing the jury and (3) denying its motion for a mistrial. Although we find that the trial court did err in instructing the jury, we nonetheless affirm, because we conclude that the erroneous instruction did not prejudice defendant and we find no other error.

In March, 1981, plaintiff purchased a car from defendant. It was represented as new, although it had approximately 260 miles on its odometer. When plaintiff questioned that mileage, he was told by defendant that the car had been driven from southern Oregon as part of a dealer trade. Plaintiff received an original title, license and registration and a new car rebate and warranty. A month later, plaintiff brought the car back for service. He then learned that it had been conditionally sold and delivered previously to a third person, Hubbard. Hubbard had signed a purchase order and had kept the car for five days, putting 200 miles on the odometer before returning it to defendant because she could not obtain the necessary financing.

Plaintiff sued under ORS 646.608, which provides in relevant part:

"(1) A person engages in an unlawful practice when in the course of the person's business, vocation, or occupation the person:

"* * * * *

"(f) Represents that real estate or goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or second-hand * * *."

ORS 646.638(1) provides:

"Any person who suffers any ascertainable loss of money or property, real or personal, as a result of wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or

$200, whichever is greater. The court or the jury, as the case may be, may award punitive damages and the court may provide such equitable relief as it deems necessary or proper."

■ Defendant first contends that the trial court erred in submitting the case to the jury, because plaintiff failed to prove an "ascertainable loss." The phrase "ascertainable loss" means "capable of being discovered, observed or established." *Scott v. Western Int. Sales, Inc.,* 267 Or 512, 515-56, 517 P2d 661 (1973). In *Scott,* the plaintiff bought a tent that lacked features it had been represented as having. The Supreme Court stated:

> "The inference can be drawn that because the tent did not have a window with a closing flap or eaves it had a value of less than $38.86. To repeat, the plaintiff did not have to prove in what amount the value of the tent was reduced because it was not as represented. He merely had to prove he suffered some loss."

■■ The owner of a vehicle may give an opinion about its value. *Jones v. Northside Ford Truck Sales,* 276 Or 685, 693, 556 P2d 117 (1976); *see also Searcy v. Bend Garage Co.,* 286 Or 11, 17, 592 P2d 558 (1979). Plaintiff testified that, because the car had been previously owned, it was worth $1,000 less than the price he paid. Although plaintiff's evidence of diminution in value was meager, it was sufficient to present a jury question. *See Sherrod v. Holzshuh,* 274 Or 327, 333, 546 P2d 470 (1976); *Riviera Motors, Inc. v. Higbee,* 45 Or App 545, 553, 609 P2d 369, *rev den* 289 Or 275 (1980).

■ After plaintiff's case-in-chief, the trial court ruled that, as a matter of law, defendant was entitled to sell the car as "new." In support of its claim that the trial court should have directed a verdict, defendant argues that that ruling defeated plaintiff's claim under ORS 646.608(1)(f), because goods cannot be both "new" and "deteriorated, altered, reconditioned, reclaimed, used or second-hand." Plaintiff counters that the trial court erred in making the ruling.[1]

---

[1] Defendant urges that we may not reach this issue, because plaintiff has not "unequivocally [made] the alleged error an issue on appeal," as required by *Artman v. Ray,* 263 Or 529, 534, 501 P2d 63, 502 P2d 1376 (1972). *See also Bakker v. Baza'r, Inc.,* 275 Or 245, 248 n 2, 551 P2d 1269 (1976). Defendant had an opportunity to respond to it in his reply brief. Further, this is not an *Artman* situation, because plaintiff's argument attacks defendant's assertion that the trial court should have directed a verdict. Plaintiff has sufficiently raised the issue.

 Whether goods, the subject of a previous conditional sale and delivery, are "new" under the UTPA is a question for the trier of fact. Here, the facts that the car had not been previously titled, licensed or registered and that plaintiff received a new car rebate and warranty are factors the trier of fact could consider. They are not in themselves determinative, however. At some point, a car that has been previously subject to a conditional sale and delivery becomes a "used" car, notwithstanding that technically it may be "new" for purposes of title, license, registration, rebate and warranty. *See Hefford v. Metropolitan Life Ins. Co.,* 173 Or 353, 369, 144 P2d 695 (1944). Because the trial court's ruling was wrong, defendant's contention that it should have received a directed verdict fails.

 Defendant next contends that the trial court erred in instructing the jury to decide a question of law, i.e., whether defendant's conduct in not specifically disclosing the car's history violated the UTPA.[2] We agree that the trial court erred in so instructing the jury. The court should have instructed that, as a matter of law, a representation under the UTPA "may be any manifestation of any assertion by words or conduct, including, but not limited to, a failure to disclose a fact." ORS 646.608(2). Thus, in fact, defendant received a more favorable instruction than it was entitled to receive. It cannot now be heard to complain about the trial court's error.

We have considered defendant's other assignments and find no error.

Affirmed.

---

[2] The jury was instructed as follows:

"* * * As a matter of law a car dealer can sell as new, under the law, a vehicle that has not had its financing completed, and has been sold on that type of basis, because as you know the transaction has not been completed. It was conditional on its face.

"However, that does not answer the question as to whether the dealer has the further responsibility in selling such a vehicle as a new vehicle to represent to the purchaser the history of the vehicle and that is what we leave to you as jurors to determine — whether there has been a violation of the Unfair Trade Practices Act in that respect.

"They have a legal right to sell it as new, but then do they have a further obligation, and then to answer that question as a fact question you are going to have to review that law as I gave it to you, determine what representations were or were not made. * * *"