[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#110) DEFENDANT'S MOTION TO STRIKE
The defendant, Crabtree Imports, d/b/a Shelton Mitsubishi has moved the court to strike the Second, Fourth, Fifth and Sixth Counts of the plaintiff's Amended Complaint dated May 6, 2002 for the reason that as to the Second, Fifth and Sixth Count (the CUTPA claims), the plaintiff has failed to allege "ascertainable loss" as required by statute.
The defendant moves to have the Fourth Count stricken because it is labeled as a claim for "abandonment" and no such cause of action exists under Connecticut law.
Having heard arguments of counsel and having considered the respective memorandum of law, the court makes the following findings and orders.
The plaintiff bought and took delivery of a 2001 Mitsubishi Galant automobile from the defendant on or about August 4, 2001.
On or about August 22, 2001, the defendant car dealer discovered an alleged error in the paperwork concerning the sale of said automobile to the plaintiff
On a subsequent date, the defendant, acting through its agents and employees, removed the automobile from the plaintiffs custody without her knowledge and consent and left her a different vehicle in lieu of the automobile she had possessed for about three weeks.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 212, 746 A.2d 730
(2000). The role of the court is to "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v.Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "It is fundamental that CT Page 12815 in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Id., 588.
AS TO COUNT FOUR (ABANDONMENT):
The defendant moves to strike Count Four for the simple reason that no such cause of action exists in Connecticut. In her objection to the motion to strike, the plaintiff has cited several cases to refute that claim by the defendant. None of the cases cited by the plaintiff establish the propriety of a cause of action sounding in "abandonment." The concept of abandonment is clear in the law, but it most commonly is seen as a defense to excuse allegations of waste, conversion or usurpation of another's claim of title to property. In none of the cases cited by the plaintiff was there any authority for the recognition of a cause of action by way of abandonment which would permit the award of title to property to the plaintiff for the reasons proposed in Count Two of her complaint.
In no case cited was there any claim that the title to personal property, such as in the instant case, was acquired by the concept of abandonment of the property by the plaintiffs predecessor in title.
For the foregoing reason, the defendant's motion to strike the Second Count sounding in "abandonment" is hereby granted.
AS TO COUNTS TWO, FIVE AND SIX (CUTPA CLAIMS):
As noted, the sole reason cited by the defendant for an order striking these three counts is the failure by the plaintiff to allege an "ascertainable loss" suffered by the plaintiff as a result of the defendant's conduct.
In order for the court to sustain the defendant's argument, the court would have to find that even if the plaintiff were to prove the allegations she made regarding the conduct of the defendant by way of depriving the plaintiff of her new car and replacing it with one of the CT Page 12816 "same make, model and year," she suffered no ascertainable damages.
The question before the court is whether a plaintiff must prove actual damages in a particular amount in order to pursue an action under CUTPA.
General Statutes 42-110g (a) provides, in relevant part, "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages."
In Hinchcliffe v. American Motors Corp, 184 Conn. 607, 613 (1981), that provision of the statute was made the subject of the following interpretation, "We hold that the words "any ascertainable loss" as used in this section do not require a plaintiff to prove a specific amount of actual damages in order to make out a prima facie case." ". . . [T]he inclusion of the word "ascertainable" to modify the word "loss" indicates that plaintiffs are not required to prove actual damages of a specific dollar amount. "Ascertainable" means "capable of being discovered, observed or established." Scott v. Western International Surplus Sales, Inc., 267 Or. 512, 515, 517 P.2d 661 (1973). "Loss" has been held synonymous with deprivation, detriment and injury. Black's Law Dictionary. It is a generic and relative term. United States v. City National Bank of Duluth, 31 F. Sup. 530, 533 (D. Minn. 1939). "Damage," on the other hand, is only a species of loss. Id., 532. The term "loss" necessarily encompasses a broader meaning than the term "damage." Id.
"Whenever a consumer has received something other than what he bargained for, he has suffered a loss of money or property. That loss is ascertainable if it is measurable even though the precise amount of the loss is not known. CUTPA is not designed to afford a remedy for trifles. In one sense the buyer has lost the purchase price of the item because he parted with his money reasonably expecting to receive a particular item or service. When the product fails to measure up, the consumer has been injured; he has suffered a loss. In another sense he has lost the benefits of the product which he was led to believe he had purchased. That the loss does not consist of a diminution in value is immaterial, although obviously such diminution would satisfy the statute". Id. P. 6 14
"Under CUTPA, there is no need to allege or prove the amount of the ascertainable loss. See Scott v. Western International Surplus Sales, Inc., (fn3) supra, 516. To satisfy the "ascertainable loss" requirement, a CT Page 12817 plaintiff need prove only that he has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from that for which he bargained. This approach is in keeping with the remedial aims of the statute (fn4) and will ensure that the private civil action established by the statute will remain a meaningful avenue of redress for consumers who have been the victims of unfair or deceptive trade practices. (fn5)." Id. p. 614-615.
For the foregoing reasons, the court finds that the motion to strike the allegations contained in the Second, Fifth and Sixth Counts of the Plaintiff's Amended Complaint should be and is hereby denied.
By the Court,
Joseph W. Doherty, Judge. CT Page 12818