WALTERS, J.,
concurring.
I concur in the majority opinion and write only to call attention to the important difference between two types of ascertainable losses that a plaintiff may seek to recover in a claim under the Unlawful Trade Practices Act— diminished value and a refund of the purchase price.[1] I agree with the majority that, in this case, we need not determine whether subjective reliance is an element of a plaintiffs claim for diminished value and, if so, how that element may be proved. However, that issue may arise in the future, and a correct understanding of the law is important to those whose business or trade practices are subject to the UTPA, as well as to those who purchase real estate, goods, or services that are subject to the act.
As the majority explains, Oregon’s UTPA was enacted as a comprehensive statute to protect consumers from unlawful trade practices. 358 Or at 115. The act has both public and private enforcement mechanisms and “is designed to encourage private enforcement of the prescribed standards of trade and commerce in aid of the act’s public policies as much as to provide relief to the injured party.” Weigel v. Ron Tonkin Chevrolet Co., 298 Or 127, 134, 690 P2d 488 (1984). As a result, a party’s losses “should be viewed broadly,” id. at 136, and private claims under the act are not limited to those where a plaintiff shows “an economic loss in the sense of a difference between the price paid and some objective measure of market value,” id. at 133. The act also permits a claim when a plaintiff can establish a loss based on the fact he or she expended funds “for goods that are not as desired by the customer and represented by the seller irrespective of their market value to others.” Id. at 134.
A plaintiff who cannot show “an economic loss in the sense of a difference between the price paid and some objective measure of market value,” id. at 133, but who can show that he or she would not have purchased a product but for the seller’s misrepresentations about that product, may *143 seek return of the money paid for the product irrespective of its market value, 358 Or at 126. Thus, to use an example that the majority uses, a plaintiff who buys a product represented to be cherry cola because the plaintiff wants to experience the cherry taste, may, if the product is, instead, regular cola, seek a return of the money paid, even if the cost of cherry and regular cola is the same.
That does not mean, however, that a plaintiff who can show a difference between the price paid for a misrepresented product and the market value of that product must, like a plaintiff seeking a refund of the purchase price, also show that he or she made a subjective choice to purchase the product because of the misrepresented characteristic. In a diminished value claim, the plaintiffs ascertainable loss is not the full amount of the purchase price; rather, it is the difference between the purchase price and the market value of the item purchased. 358 Or at 118-19.
To illustrate the difference, consider the following example. Assume that a seller advertises a tent as having a dozen features, one of which is that the tent is waterproof and another of which is that the tent weighs less than three pounds. Assume that the plaintiff purchases the tent for $100 and that the subjective reason that she does so is that it is represented to be waterproof. The plaintiff plans to go camping that weekend, and rain is forecast. Although the plaintiff reads the description of the tent, including the description of the tent as weighing less than three pounds, weight is not the feature that motivates the plaintiff. She plans to go car camping, not to carry the tent on her back. Assume that, after making her purchase and completing her trip, the plaintiff decides to sell the tent and learns that it weighs six pounds, not the represented three. In addition, the plaintiff learns that, all other features being equal, tents that weigh more than three pounds have a market value of no more than $80.
In that example, the seller engaged in an unlawful trade practice by representing that the tent had a characteristic that it did not have. ORS 646.608(l)(e). Also in that example, the plaintiff suffered an “ascertainable loss” as a “result of’ the seller’s unlawful trade practice, as required *144 by ORS 646.638(1), because the plaintiff paid the market value of the tent as represented, but the tent was not as represented. The plaintiffs economic loss was the difference between the purchase price of the tent as represented ($100) and the objective market value of the tent that the plaintiff received ($80) — a difference of $20. Because the tent was not as represented, the plaintiff suffered economic loss when she paid more for the tent than it was objectively worth.
That conclusion is correct even though the plaintiffs subjective reason for purchasing the tent was that it was waterproof. The UTPA does not require that a consumer’s purchase be the “result of’ an unlawful trade practice; it requires that a consumer’s ascertainable loss be the “result of’ an unlawful trade practice. ORS 646.638(1). When a plaintiff can establish that she purchased an item and that, as a result of a misrepresentation of the item’s characteristics, the purchase price of that item was greater than its objective market value, the necessary connection between the unlawful trade practice and the ascertainable loss exists.[2] However, when a plaintiff cannot prove diminished market value and relies, instead, on a contention that she would not have purchased the item without a represented characteristic of particular benefit to her, the plaintiff must prove the subjective reason for her purchase. 358 Or at 126.
That understanding of the UTPA comports with its purpose. People buy products after weighing numerous characteristics, benefits, and qualities. They may make their final decisions based on more than one of a product’s features, or they may not be able to articulate why, in the end, they laid their money down. But when people make purchases, they nevertheless expect to receive products that have all of the represented features, not only those features that were subjectively determinative in the purchasing decision. When a plaintiff establishes that he or she purchased a product that was not as represented and that he or she suffered diminished value as a result, the purchaser demonstrates ascertainable loss sufficient to permit a claim under the UTPA.

 I do not intend to imply that other theories of loss may not be actionable.

 As the majority recognizes, there are instances in which diminished value may be inferred. See 358 Or at 121-22 (discussing Scott v. Western Int. Sales, Inc., 267 Or 512, 517 P2d 661 (1973), as permitting such an inference).